IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RICHARD CHANTEZ BUTLER,**

                        **Petitioner,**

      v.                                                      CASE NO. 25-3280-JWL

**STATE OF KANSAS[1],**

                        **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a pro se petition for federal habeas relief under 28 U.S.C. § 2254 filed by Petitioner and state prisoner Richard Chantez Butler, who is currently incarcerated at Lansing Correctional Facility in Lansing, Kansas. Petitioner has moved for leave to proceed in forma pauperis (Doc. 2) and his motion will be granted. This means that the Court will conduct the review of the petition required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and will issue further orders as necessary. A threshold issue that has come to the Court's attention, however, involves the exhibits Petitioner has attached to his petition.

In this federal habeas matter, Petitioner challenges his state-court convictions "of aggravated kidnapping and 14 other crimes, including 3 counts of rape and 2 counts of aggravated criminal sodomy, all against the same victim," L.K. (Doc. 1, p. 1.) *See State v. Butler*, 2022 WL 3692866, *1-5 (Kan. Ct. App. 2022) (unpublished), *reversed on other grounds by State v. Butler*,

---

[1] Petitioner has named the State of Kansas as Respondent in this action, but the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Gloria Geither, the current interim warden of Lansing Correctional Facility, where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Federal Rules of Civil Procedure 25(d) and 81(a)(4).

1

317 Kan. 605, 606 (2023). To the petition, Petitioner has attached more than 300 pages of exhibits. (Doc. 1-1.) The exhibits include portions of L.K.'s medical records that reflect her full name and birthdate. Thus, they do not comply with the rules and procedures that require redaction of personal information of third parties and the Court has directed the clerk to seal the exhibits. *See Case Opening Notice*, mailed to Petitioner on Dec. 31, 2025 ("Do not include dates of birth . . . in your pleadings"); *AdHealth, Ltd. V. PorterCare Adventist Health Systems*, 135 F.4th 1241, 1244 n.1 (10th Cir. 2025) (granting motion to seal document filed that "contains the private medical information of third parties"); Fed. R. Civ. P. 5.2(a) (setting forth redaction requirements for privacy protection of an individual's birthdate); *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in the United States District Court for the District of Kansas*, Section II(I)(1) (explaining procedures regarding redaction of personal data identifiers in documents filed in civil cases in this Court).

Petitioner must ensure that any future filings with this Court comply with the redaction requirements. Documents submitted for filing that do not comply or that contain a third-party's personal identifying information may be stricken from the record. If Petitioner wishes the previously submitted exhibits to be part of the publicly available record, he must file a properly redacted document. That being said, however, if Petitioner submits a redacted version of the exhibits, he should include only necessary documents.

Petitioner need not attach as exhibits to his petition documents that are part of the state-court records of his criminal proceedings or his K.S.A. 60-1507 proceedings because they are not necessary at this time. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

relief in the district court." Generally speaking, state-court records are not necessary for the initial Rule 4 review. If the Court discovers that it does require additional documents or information from Petitioner to enable a meaningful Rule 4 review, it will so inform Petitioner in a written order.

If this matter progresses past the initial Rule 4 review, the Court will order Respondent to file, along with her answer to the petition, any available records and transcripts of the criminal proceedings and appeal, any brief submitted during the appeal, records and transcripts of any subsequent related postconviction proceedings and appeals, and any "opinions and dispositive orders of the appellate court relating to the conviction or sentence." *See* Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Moreover, as stated above, if the Court requires Petitioner to submit portions of the state-court record to conduct the Rule 4 review, it will so advise Petitioner and will provide him time in which to submit the records.

The Court recognizes and appreciates Petitioner's desire to ensure that the Court has all the necessary information to consider his arguments. However, "[e]very paper filed with the Clerk of this Court . . . requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *See Hamilton v. Wyandotte Cnty. Dist. Ct.*, 2025 WL 1707399, *5 (D. Kan. June 18, 2025) (unpublished) (quoting *In re McDonald*, 489 U.S. 180, 184 (1989)). "It is well established that federal district courts possess the power to administer their dockets in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases." *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir. 2002) (citation omitted). Processing, filing, and reviewing hundreds of pages of documents that are not required at this time in this case is not an efficient use of judicial resources, nor does it promote the interests of justice. If Petitioner persists in filing voluminous documents in this Court, the Court

may consider the imposition of filing restrictions.

**IT IS THEREFORE ORDERED** that Gloria Geither, interim warden of Lansing Correctional Facility, where Petitioner is confined, is substituted as Respondent in this matter.

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is **granted**. The Court will begin the required review of the petition and exhibits will issue additional orders as necessary. Petitioner should consider the standards set forth in this order before submitting additional documents for filing in this case.

**IT IS SO ORDERED.**

DATED:   This 5th day of January, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
