IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RICHARD CHANTEZ BUTLER,**

                      **Petitioner,**

    v.                                       **CASE NO. 25-3280-JWL**

**GLORIA GEITHER,**

                      **Respondent.**

## **MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Richard Chantez Butler, who is currently incarcerated at Lansing Correctional Facility ("LCF") in Lansing, Kansas. It comes now before the Court on Petitioner's motion for appointment of counsel (Doc. 4) and his notice of refusal to e-file (Doc. 5). The notice advises the Court that on January 5, 2026 at 8:30 a.m., LCF library staff member John Stiffing refused Petitioner's request to e-file documents in this case. (Doc. 5.) The motion for appointment of counsel seeks counsel based on (1) Mr. Stiffing refusing to e-file Plaintiff's documents; (2) Petitioner's need for "[o]ngoing medical callouts"; and (3) Petitioner's indigent status and lack of independent ability to retain counsel. (Doc. 4.)

Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). A court may appoint counsel if it "determines that the interest of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*,

451 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough to assert that appointing counsel will help present the "strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). When deciding whether to appoint counsel, the Court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

At this preliminary stage of these federal habeas proceedings, the Court finds that the interest of justice does not require appointment of counsel for Petitioner. As explained in the memorandum and order ("M&O") issued yesterday, this matter is in the early stages of these proceedings, during which the Court must review the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. (Doc. 3, p. 1.) Thus far, Petitioner has appeared capable of presenting relevant facts and arguments. Moreover, the Court does not anticipate that the issues in this matter will be overly complex.

The Court is troubled by Petitioner's assertion that LCF staff refused to e-file documents presented by Petitioner for e-filing in this case. The notice from Petitioner states—in its entirety: "I, Richard Chantez Butler, at the date and time above [(January 5, 2026 at 8:30 a.m.)] was refuse E-file by the staff library Mr. Stiffing, John." (Doc. 5 (all errors in original).) Petitioner does not provide additional information about the refusal, nor does he ask the Court to take any action as a result of the refusal. Rather, he simply notifies the Court that Mr. Stiffing prevented him from e-filing documents in this case. *Id.*

In the M&O issued yesterday in this case, the Court clarified for Petitioner the type of documents that should and should not be filed in this matter. (Doc. 3, p. 2-4.) At this point in time,

2

the Court is not expecting any filings from Petitioner, nor are there any current deadlines by which Petitioner is required to file documents in this case. Thus, the Court will take no further action on Petitioner's notice. If Petitioner is prevented from e-filing documents in this case in the future, he may so inform the Court in writing by filing a written notice or, if he wishes the Court to take action, by filing a written motion.

Even considering the alleged single instance in which LCF staff prevented Petitioner from filing in this case, the Court concludes that the interest of justice does not require appointment of counsel in this case at this stage. Thus, the motion for appointment of counsel will be denied without prejudice. If this case develops in a way that requires counsel, Petitioner may renew his motion. *See* Rules 6, 7, and 8 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C.A. foll. § 2254 (discussing discovery, expansion of the record, and evidentiary hearings).

**IT IS THEREFORE ORDERED THAT** the motion to appoint counsel (Doc. 4) is **denied without prejudice**.

**IT IS SO ORDERED.**

DATED:   This 6th day of January, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum  
JOHN W. LUNGSTRUM  
United States District Judge