FILED
U.S. District Court
District of Kansas
01/22/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RICHARD CHANTEZ BUTLER,**

                **Petitioner,**

     v.                                            CASE NO. 25-3280-JWL

**GLORIA GEITHER,**

                **Respondent.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and state prisoner Richard Chantez Butler, who is currently incarcerated at Lansing Correctional Facility in Lansing, Kansas. Petitioner has been granted leave to proceed in forma pauperis. (Doc. 4.) The Court has conducted the review of the petition required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will be granted time in which to file an amended petition that cures the deficiencies identified below. If Petitioner fails to timely file an amended petition, the deficient portions of the petition will be dismissed.

Also before the Court is Petitioner's "Motion to Take [A]ction of Tamper [*sic*]," filed January 21, 2026. (Doc. 7.) In the motion, Petitioner asserts that while reviewing his filings, he discovered that his "library file" on the prison library computer contained case law and arguments that he had not added and that he had not given anyone else permission to add. *Id.* at 1. Petitioner identifies the limited people who have access to that computer and asks the Court to "take action" on the tampering. *Id.* The motion will be denied without prejudice because Petitioner does not identify the action he wants the Court to take, and his claim that he has "been dealing with misconduct since 2020 when it comes to this case with the court and KDOC" is undermined by the fact that this case began less than one month ago. (*See* Doc. 1.)

1

**Background**

A jury in Atchison County, Kansas, convicted Petitioner "of aggravated kidnapping and 14 other crimes, including 3 counts of rape and 2 counts of aggravated criminal sodomy, all against the same victim." *See State v. Butler*, 2022 WL 3692866, *1, 6 (Kan. Ct. App. Aug. 26, 2022) (unpublished) (*Butler I*), *rev. in part on other grounds by State v. Butler*, 317 Kan. 6705 (2023) (*Butler II*). After trial but before sentencing, Petitioner moved to represent himself, which the district court allowed. *Butler I*, 2022 WL 3692866 at *6. Petitioner then filed a pro se motion for a new trial based on ineffective assistance of counsel.[1] *Id.* The district court heard argument on the motion at sentencing in July 2020, but ultimately denied it and sentenced Petitioner to a controlling sentence of 543 months in prison. *Id.* Petitioner pursued a direct appeal and, in an opinion issued on August 26, 2022, the Kansas Court of Appeals (KCOA) vacated Petitioner's conviction for aggravated kidnapping, vacated the related sentence, and affirmed all other convictions. *Id.* at *1, 13. It also considered but rejected Petitioner's arguments that the district court had erred by denying the motion for a new trial based on ineffective assistance of counsel. *Id.* at *17-19.

Petitioner filed a petition for review, which the Kansas Supreme Court ("KSC") denied, and the State filed a cross-petition for review, which the KSC granted. *See State v. Butler*, Case No. 123,742, records available on the Kansas Appellate Courts Public Access Portal. In an opinion filed on August 11, 2023, the KSC reversed the KCOA's decision vacating the aggravated kidnapping conviction and reinstated the conviction and accompanying sentence. *Butler II*, 317 Kan. at 606. Petitioner advises that he is not sure whether a petition for writ of certiorari was filed

---

[1] In Kansas, a motion for new criminal trial generally must be filed within 14 days after the verdict. K.S.A. 22-3501(1). When a motion for new trial is filed outside of that window but seeks a new trial based on alleged ineffective assistance of counsel, the state district court may "treat it as a collateral attack on the conviction—like a K.S.A. 60-1507 motion." *See Butler I*, 2022 WL 3692866 at *17 (citing *State v. Jarmon*, 308 Kan. 241, 250 (2018)).

on his behalf in the United States Supreme Court. (Doc. 1, p. 4.)

Petitioner then filed a motion for state habeas relief under K.S.A. 60-1507, which the state district court summarily dismissed. *Butler v. State*, 2025 WL 7333370, * (Kan. Ct. App. Mar. 7, 2025) (unpublished) (*Butler III*), rev. denied July 31, 2025. Petitioner appealed and, on March 7, 2025, the KCOA issued an opinion affirming the dismissal. *Id.* at *1. The KSC denied Petitioner's petition for review on July 31, 2025.

On December 31, 2025, Petitioner filed in this Court the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 that began this case. (Doc. 1.) He asserts three grounds for relief, which are discussed in greater detail below. As relief in this federal habeas matter, Petitioner asks this Court to vacate his sentence with prejudice or award whatever relief the Court deems appropriate. The Court has now conducted the initial review required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## Rule 4 Standards of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

## Analysis

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts provides:

> The petition must:
>
> (1) specify all the grounds for relief available to the petitioner;
>
> (2) state the facts supporting each ground;
>
> (3) state the relief requested;
>
> (4) be printed, typewritten, or legibly handwritten; and
>
> (5) be signed under penalty of perjury by the petitioner or a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

The United States Supreme Court has explained that "[a] prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the [respondent] should be ordered to 'show cause why the writ should not be granted'" or whether the petition should be summarily dismissed under Habeas Corpus Rule 4. *See Mayle v. Felix*, 545 U.S. 644, 656 (2005) (citation omitted). "If the court orders the [respondent] to file an answer, that pleading must 'address the allegations in the petition.'" *Id.* (citation omitted). This requires the allegations to be clear enough that the respondent will be able to address them.

To assist petitioners in meeting the requirements of Rule 2(c), form petitions are required. Requiring the use of the form "aids the court by requiring petitioners to set forth each individual claim, the supporting facts, and the facts relating to exhaustion" and the failure to use the form as instructed "prevents this court from readily determining the basis of [a petitioner's] claims and whether they have been properly exhausted." *See Justice v. Meyer*, 2020 WL 7481673, *2 (D. Kan. Oct. 15, 2020) (unpublished) (citing *Smith v. Sedgwick Cty. Dist. Court*, 244 F. App'x 199, 200 (10th Cir. 2007)).

4

***Ground One***

As Ground One, Petitioner asserts that his rights under the Sixth Amendment were violated. (Doc. 1, p. 6-7.) In the portion of the required form petition for stating the "specific facts that support" Ground One, Petitioner has written: "Exhibit A Results withheld From Jurors"; "Trial counsel rendered deficient performance when she failed to review discovery"; and "Trial counsel failed to conduct a reasonable investigation." *Id.* at 7. A handwritten page inserted just prior to this, however, states:

> GROUND ONE:   Sixth Amendment
> (A) Trial counsel rendered deficient performance when she failed to review discovery.
>
> The state made discoverable materials available to defense counsel. These materials included Forensic medical domestic violence assessment and video footage from Corporal Johnson's patrol care of interview from alleged victim L.K., and Bank Statement that was excluded from Jury.
>
> (B) Trial Counsel Failed to conduct a reasonable investigation on the relevant material.
>
> (C) Right of Confrontation of witnesses.

*Id.* at 6.

Due to the differences in these pages, the Court cannot determine the precise basis of Petitioner's claims in Ground One. Liberally construing the pro se petition, Ground One appears to contend that trial counsel was ineffective by failing to review discovery made available by the State and thus not discovering and presenting to the jury a forensic medical domestic violence assessment, video footage from Corporal Johnson's patrol car, and a bank statement. *Id.* But Petitioner does not explain how counsel failed to conduct a reasonable investigation. He does not argue what counsel failed to investigate or what a reasonable investigation would look like. And his bald statement "Right of Confrontation of witnesses" further muddies the waters. It is unclear

whether Petitioner intends by this statement to assert that trial counsel was ineffective because of a failure to confront certain witnesses or whether this statement is intended to assert that Petitioner's Sixth Amendment rights under the Confrontation Clause were violated.

Thus, the portions of Ground One that refer to confrontation and to the failure to conduct a reasonable investigation do not comply with Rule 2(c) and are subject to dismissal. Petitioner will be granted time in which to file an amended petition that clarifies these parts of Ground One. If Petitioner wishes to argue that his Sixth Amendment right to effective assistance of counsel was violated *and* his Sixth Amendment rights under the Confrontation Clause, he should assert those as two separate grounds for relief and he must explain in more detail how his confrontation rights were violated.

**Ground Two**

In Ground Two, Petitioner asserts the violation of his Fourteenth Amendment Due Process rights, claiming that insufficient evidence supported his aggravated kidnapping convictions, that three convictions of rape and two convictions of aggravated criminal sodomy are multiplicitous, and that the trial attorney "didn't bring [the] rape kit. It was excluded from [the] jury." (Doc. 1, p. 8.) Although the first two arguments are clear, it is unclear how Petitioner believes that trial counsel's failure to admit the rape kit at trial violated his due process rights. Thus, this portion of Ground Two fails to comply with Rule 2(c). If Petitioner wishes to proceed on a due process claim involving the rape kit, he must clarify in an amended petition the basis for this claim. To the extent that Petitioner intends to argue that he received ineffective assistance of trial counsel when trial counsel failed to admit the rape kit into evidence at trial, his argument is more appropriately included as part of Ground One, along with his other claims of ineffective assistance of counsel.

*Ground Three*

As Ground Three, Petitioner asserts the violation of his rights under the Equal Protection Clause of the Fourteenth Amendment. (Doc. 1, p. 11-12.) In the space on the form petition for setting forth the facts that support Ground Three, Petitioner has written three statements: "Exhibit A results Forensic Medical Domestic Violence Assessment withheld from Jurors. Confronted The Courts stated Alleged Victim was inconsistent. The compulsory process." *Id.* at 12 (all errors in original). He has written the same on a page inserted prior to this page of the form. *Id.* at 11.

Ground Three of the petition fails to comply with Rule 2(c). Even liberally construing the petition, the Court cannot determine the nature of Ground Three or the facts on which it is based. Although Petitioner asserts an equal protection violation, he does not identify any other person or group similarly situated to him that was treated differently than he was. *See Requena v. Roberts*, 893 F.3d 1195, 1210 (10th Cir. 2018) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985), and holding that the Equal Protection Clause of the Fourteenth Amendment "'commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike.'"). It is similarly unclear what Petitioner means by his bald reference to the compulsory process or how the Kansas courts' stating that the victim was inconsistent violated Petitioner's constitutional rights. Petitioner also has not explained who "withheld" the forensic medical domestic violence assessment from the jury or how doing so violated Petitioner's constitutional rights.

Ground Three's failure to comply with Rule 2(c) means that the Court is unable to determine the precise claims Petitioner wishes to assert in Ground Three of this matter. Thus, the Court cannot determine whether "petitioner is not entitled to relief in the district court," and it is

unable to conduct a meaningful Rule 4 review of Ground Three. Ground Three is therefore subject to dismissal. Rather than immediately imposing such a harsh consequence however, Petitioner will be given time in which to file an amended petition that clarifies Ground Three and complies with Rule 2(c).

## Conclusion

The Court has begun the required initial Rule 4 review of petition and concludes that Ground Three and parts of Grounds One and Two fail to comply with Rule 2(c) and are subject to dismissal. Petitioner will be granted time in which to file a complete and proper amended petition that complies with Rule 2(c). The Court will direct the clerk to send Petitioner the appropriate form and, if Petitioner wishes to do so, he may submit a complete and proper amended petition containing the claims for which relief may be sought under 28 U.S.C. § 2254. If Petitioner submits an amended petition, it must be on the court-approved forms and must be complete in and of itself; it may not refer back to an earlier version of the petition or attempt to incorporate by reference other filings with this Court. Any grounds for relief not included in the amended petition will not be considered before the Court. Petitioner must include the case number of this action (25-3280) on the first page of the amended petition.

If Petitioner timely files an amended petition, the Court will review the amended petition under Rule 4 and issue further orders as necessary. If Petitioner fails to timely file an amended petition, the Court will dismiss the portions of Ground One that refer to confrontation and a failure to conduct a reasonable investigation, the portion of Ground Two that refers to the rape kit, and all of Ground Three. It will then continue the Rule 4 review of the remaining portions of the current petition

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including **February 23, 2026**, to submit a complete and proper amended petition that complies with this order. The clerk is directed to send to Petitioner the required forms for filing an amended petition.

**IT IS FURTHER ORDERED** that Petitioner's motion (**Doc. 7**) is **denied without prejudice.**

**IT IS SO ORDERED.**

DATED:   This 22nd day of January, 2026, at Kansas City, Kansas.


S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge