FILED
U.S. District Court
District of Kansas
02/09/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RICHARD CHANTEZ BUTLER,**

          **Petitioner,**

v.                                          **CASE NO. 25-3280-JWL**

**GLORIA GEITHER,**

          **Respondent.**

## MEMORANDUM AND ORDER

Petitioner and Kansas state prisoner Richard Chantez Butler seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He proceeds pro se and has been granted leave to proceed in forma pauperis. (Doc. 3.) This matter comes now before the Court on Petitioner's amended petition (Doc. 9), filed on February 3, 2026. The Court has conducted the required review of the amended petition and concludes that deficiencies in the amended petition, which are explained below, leave Grounds One through Six of this matter subject to dismissal. Petitioner will be granted time in which to cure the deficiencies, either by filing a second amended petition or by supplementing his amended petition with the direct-appeal brief on which he depends for the facts supporting Grounds One through Six. If he fails to do so, the Court will dismiss Grounds One through Six of this matter and the case will proceed on Ground Seven alone.

### Background

A jury in Atchison County, Kansas, convicted Petitioner "of aggravated kidnapping and 14 other crimes, including 3 counts of rape and 2 counts of aggravated criminal sodomy, all against the same victim." *See State v. Butler*, 2022 WL 3692866, *1, 6 (Kan. Ct. App. Aug. 26, 2022) (unpublished) (*Butler I*), *rev. in part on other grounds by State v. Butler*, 317 Kan. 6705 (2023)

1

(*Butler II*). After trial but before sentencing, Petitioner moved to represent himself, which the district court allowed. *Butler I*, 2022 WL 3692866 at *6. Petitioner then filed a pro se motion for a new trial based on ineffective assistance of counsel.[1] *Id.* The district court heard argument on the motion at sentencing in July 2020, but ultimately denied it and sentenced Petitioner to a controlling sentence of 543 months in prison. *Id.* Petitioner pursued a direct appeal and, in an opinion issued on August 26, 2022, the Kansas Court of Appeals (KCOA) vacated Petitioner's conviction for aggravated kidnapping, vacated the related sentence, and affirmed all other convictions. *Id.* at *1, 13. It also considered but rejected Petitioner's arguments that the district court had erred by denying the motion for a new trial based on ineffective assistance of counsel. *Id.* at *17-19.

Petitioner filed a petition for review, which the Kansas Supreme Court ("KSC") denied, and the State filed a cross-petition for review, which the KSC granted. *See State v. Butler*, Case No. 123,742, records available on the Kansas Appellate Courts Public Access Portal. In an opinion filed on August 11, 2023, the KSC reversed the KCOA's decision vacating the aggravated kidnapping conviction and reinstated the conviction and accompanying sentence. *Butler II*, 317 Kan. at 606. Petitioner advises that he did not file a petition for writ of certiorari in the United States Supreme Court. (Doc. 9, p. 4.)

Petitioner then filed a motion for state habeas relief under K.S.A. 60-1507, which the state district court summarily dismissed. *Butler v. State*, 2025 WL 7333370, * (Kan. Ct. App. Mar. 7, 2025) (unpublished) (*Butler III*), *rev. denied* July 31, 2025. Petitioner appealed and, on March 7, 2025, the KCOA issued an opinion affirming the dismissal. *Id.* at *1. The KSC denied Petitioner's

---

[1] In Kansas, a motion for new criminal trial generally must be filed within 14 days after the verdict. K.S.A. 22-3501(1). When a motion for new trial is filed outside of that window but seeks a new trial based on alleged ineffective assistance of counsel, the state district court may "treat it as a collateral attack on the conviction—like a K.S.A. 60-1507 motion." *See Butler I*, 2022 WL 3692866 at *17 (citing *State v. Jarmon*, 308 Kan. 241, 250 (2018)).

petition for review on July 31, 2025.

On December 31, 2025, Petitioner filed in this Court the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 that began this case. (Doc. 1.) The Court reviewed the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and determined that portions of the petition were subject to dismissal. Thus, on January 22, 2026, the Court issued a memorandum and order ("M&O") identifying the deficiencies in the petition and granting Petitioner time to file an amended petition that cured the deficiencies. (Doc. 8.) Petitioner timely filed his amended petition (Doc. 9), which is now before the Court.

## The Amended Petition (Doc. 9)

In the amended petition, Petitioner asserts seven grounds for relief. (Doc. 9, p. 6-7, 9-10, 17-25.) In Ground One, he argues that his rights under the Sixth and Fourteenth Amendments to the United States Constitution were violated because there was insufficient evidence to support his aggravated kidnapping conviction. *Id.* at 17. As supporting facts for Ground One, Petitioner seeks to "incorporate by reference facts thereof appellant counsel's brief on Direct Appeal [*sic*]." *Id.* This attempt to incorporate by reference similarly stands as the supporting facts for Grounds Two, Three, Four, Five, and Six. *Id.* at 18-22.

In Ground Two, Petitioner argues that his rights under the Sixth and Fourteenth Amendments were violated because some of his convictions were multiplicitous[2] and therefore violated the Double Jeopardy Clause. *Id.* at 18. In Ground Three, he argues that his rights under

---

[2] The amended petition states in Ground Two: "Mr. Butler's three convictions of and two convictions of aggravated criminal sodomy are multiplicitous . . . ." (Doc. 9, p. 18 (all errors in original).) Based on Petitioner's arguments in the initial petition and in the related state-court proceedings, the Court presumes that Petitioner intends to argue the multiplicity of "three convictions of *rape* and two convictions of aggravated criminal sodomy." The missing word in the amended petition—rape—was likely a simple error by Petitioner. Petitioner must ensure, however, that any second amended petition he chooses to file clearly identifies the convictions he believes to be multiplicitous. As stated in the M&O, a petition "must be complete in and of itself." (Doc. 8, p. 8.) If grounds for relief cannot be understood without reference to previously filed petitions, they do not comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts and they will be subject to dismissal without further prior notice.

3

the Sixth and Fourteenth Amendments were violated by prosecutorial error during closing arguments. *Id.* at 19. In Ground Four, Petitioner argues that his rights under the Sixth and Fourteenth Amendments were violated when "[t]he district court erred in summarily denying [his] motion for new trial based on ineffective assistance of counsel," and he asks this Court to "remand for an evidentiary hearing." *Id.* at 20. In Ground Five, Petitioner argues that his right to a fair trial under the Sixth and Fourteenth Amendments was violated by cumulative trial errors. *Id.* at 21. In Ground Six, Petitioner argues that the state district court violated his Sixth and Fourteenth Amendment rights as set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), by increasing his sentence based upon past convictions without requiring the State to prove those convictions beyond a reasonable doubt to a jury. *Id.* at 22.

In Ground Seven, Petitioner argues that his Sixth Amendment right to the effective assistance of counsel was violated when trial counsel "partially disclosed (Excluding) from Jury Mr. Butler evidence of the Domestic Violence Direct Asses[s]ment that was a part of the Rape Kit[.]" *Id.* at 23 (all errors in original). As supporting facts for Ground Seven, Petitioner asserts that trial counsel failed to review a domestic violence assessment, failed to present exculpatory evidence to the jury, failed to call an expert witness, and failed to challenge State witnesses. *Id.* Petitioner argues that these failures left him to "face[] his accuser alone and without important evidence" that was in the assessment. *Id.* Petitioner further asserts that trial counsel was ineffective by deciding not to present "Exhibit A," which was Dr. James Lasseter's findings and analysis of the rape kit. *Id.* Petitioner contends that if Exhibit A had been presented at trial, it would have "opened up the flood-gates to [his] innocence" and changed the outcome of the trial. *Id.*

As relief in this federal habeas case, Petitioner asks this Court to hold an evidentiary hearing to further develop Ground Seven. *Id.* at 15. He also asks the Court to reverse the state

4

court's rejection of the arguments now in Grounds One through Seven and remand for a new trial. *Id.* at 16.

### Rule 4 Standards of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

### Analysis

To his credit, Petitioner has cured many of the deficiencies in the initial petition that were identified in the M&O. (*See* Doc. 8, p. 4-8.) When the pro se amended petition is liberally construed, the Court is able to determine the legal basis of each of the grounds for relief asserted therein. As also stated in the M&O, however, an amended petition "may not . . . attempt to incorporate by reference other filings with this Court." (Doc. 8, p. 8.) The M&O also explained that Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts requires, among other things, that the petition "state the facts supporting each ground." *Id.* at 4.

Petitioner's attempt to provide the supporting facts for Grounds One through Six of the amended petition only through incorporating by reference a brief filed in state court in his direct appeal does not satisfy Rule 2(c) and does not comply with the M&O. The record before this Court

5

does not contain a copy of the direct-appeal brief on which Petitioner depends for his supporting facts. Thus, the Court in essence has before it no facts alleged to support Grounds One through Six and those grounds are subject to dismissal under Rule 2(c).

Petitioner has three options. First, he may supplement his amended petition by filing a copy of the brief from his state-court direct appeal and a cover sheet that indicates it is intended to be a supplement to the amended petition. If Petitioner chooses this option, the Court will conduct the Rule 4 review of the amended petition in light of the supplemental filing and will issue further orders as necessary.

Second, Petitioner may file a complete and proper second amended petition. If Petitioner chooses this option, the Court will conduct the Rule 4 review of the second amended petition and issue further orders as appropriate. The second amended petition must be on the required, court-approved form, which the Court will direct the clerk to provide to Petitioner, and it must be complete in and of itself, although Petitioner may attach to the second amended petition a copy of the direct-appeal brief. To be clear, Petitioner must include *in the second amended petition and exhibits thereto* the facts that support his asserted grounds for relief. Any grounds for relief not included in the second amended petition will not be considered by the Court and any grounds that are asserted but lack supporting facts will be dismissed without further prior notice to Petitioner.

Third, Petitioner may choose to do nothing in response to this order. If he chooses this option, the Court will dismiss Grounds One through Six of the amended petition and this case will proceed on Ground Seven alone. Petitioner is cautioned that proceeding on Ground Seven alone could severely restrict his ability to bring the claims in Grounds One through Six in a future habeas action. Strict limitations exist for second or successive claims under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(b); *Davis v. Roberts*, 425 F.3d 830, 834-35 (10th Cir. 2005). If this matter proceeds

and the Court considers the merits of Ground Seven, any future § 2254 petition that attempts to raise the arguments now in Grounds One through Six likely will be subject to the restrictions on second or successive motions.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including **March 17, 2026** in which to either (1) supplement his amended petition with a copy of the brief from his state-court direct appeal or (2) file a complete and proper second amended petition that contains sufficient facts to support each asserted ground for relief. If Petitioner fails to comply, Grounds One through Six of the amended petition will be dismissed without further prior notice to Petitioner and this case will proceed on Ground Seven alone. The clerk is directed to provide to Petitioner the required form for filing a second amended petition under 28 U.S.C. § 2254.

**IT IS SO ORDERED.**

DATED:   This 9th day of February, 2026, at Kansas City, Kansas.

>  S/ John W. Lungstrum
>  JOHN W. LUNGSTRUM
>  United States District Judge