FILED
U.S. District Court
District of Kansas
02/11/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RICHARD CHANTEZ BUTLER,**

                **Petitioner,**

    v.                                          **CASE NO. 25-3280-JWL**

**GLORIA GEITHER,**

                **Respondent.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 in December 2025 by Petitioner and state prisoner Richard Chantez Butler. (Doc. 1.) The operative amended petition (Doc. 9) was filed on February 3, 2026, after which the Court issued a memorandum and order (Doc. 10) granting Petitioner time in which to supplement his amended petition or file a complete and proper second amended petition. This matter comes now before the Court on Petitioner's "Motion for Stay and Abeyance," filed February 10, 2026. (Doc. 11.)

In the motion, Petitioner asks the court to stay this matter and hold it in abeyance until the state courts resolve his motion for postconviction DNA testing. *Id.* at 1-2. He cites *Rhines v. Weber*, 544 U.S. 269, 278 (2005), which holds that a federal district court may stay habeas proceedings to permit exhaustion of state court remedies on a claim if (1) good cause exists for the failure to exhaust the claim before filing the federal habeas petition; (2) the unexhausted claim is "potentially meritorious"; and (3) there is no indication that the petitioner intentionally delayed the proceedings. (*See* Doc. 11, p. 1.) Petitioner argues that if his motion for DNA testing is successful, the results should be considered alongside the grounds for federal habeas relief he asserts to this Court because they will increase his chances of obtaining federal habeas relief. *Id.* at 2. Petitioner

1

further explains that he only recently realized that he may be barred from raising in the future any issues he does not raise in this federal habeas case because of the strict limitations on successive federal habeas petitions. *Id.* Finally, Petitioner states his intent to fully exhaust "all state claims, (Including State D.N.A. Testing) [*sic*]" and his desire to avoid procedurally defaulting any claims. *Id.*

The Court agrees with Petitioner that *Rhines* provides the standard for consideration of a motion to stay a federal habeas matter and hold it in abeyance so that a state prisoner petitioner may exhaust his or her claims. Generally speaking, to "exhaust" an issue in state court so that it may be brought as a ground for relief in a federal habeas petition, a Kansas prisoner must fairly present the issue to a Kansas state appellate court, which must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a) ("In all appeals from criminal convictions or post-conviction relief on or after July 1, 2018, . . . when a claim has been presented to the Court of Appeals and relief has been denied, the party is deemed to have exhausted all available state remedies."). If a § 2254 petition contains an unexhausted claim *and* there still exists a way for the petitioner to return to state court and exhaust the claim, federal courts generally dismiss the entire federal habeas case without prejudice. *See Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018). Because the dismissal is without prejudice, the petitioner may exhaust his or her claims in state court and then return to federal court—within the applicable statute of limitations—and begin a new case under 28 U.S.C. § 2254.

Although federal courts usually dismiss without prejudice petitions that include unexhausted claims that may still be exhausted, there are other options. *See Wood v. McCollum*, 833 F.3d 1272, 1273 (10th Cir. 2016). One option is to stay the federal habeas case and hold it in abeyance while the petitioner returns to state court and exhausts the unexhausted claims. *See id.*;

2

*see also Rhines*, 544 U.S. at 277-78. This option is available if (1) there is good cause for the failure to exhaust the claims before filing the federal habeas petition; (2) the unexhausted claims are not plainly meritless; and (3) the petitioner did not intentionally delay the proceedings. *Id.* In addition, *Rhines* requires this Court to consider whether Petitioner is "close to the end of the 1-year period" established in 28 U.S.C. § 2244(d) for filing a federal habeas petition. *See Rhines*, 544 U.S. at 275. This is because "if a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his [or her] claims in state court and refiling his [or her] petition in federal court before the limitations period runs are slim." *Id.*

But in the case now before the Court it does not appear that any grounds for relief stated in the operative amended petition are unexhausted. The operative amended petition asserts that all seven of the grounds for relief Petitioner asserts are exhausted. (*See* Doc. 9, p. 6, 8-9, 11, 21-22, 24.) And Petitioner's motion to stay does not identify any grounds for federal habeas relief that are currently unexhausted but could be exhausted through his state-court motion for postconviction DNA testing. (*See* Doc. 11.) Rather, Petitioner merely asserts without further explanation that he "has a better chance of [s]uccess i[f] the result of the D.N.A. testing [is] taken into consideration with his additional claims." *Id.* at 2.

Without knowing the claims Petitioner seeks to exhaust in the DNA testing proceedings, the Court cannot determine whether good cause exists for the failure to exhaust them prior to filing a federal habeas petition. Nor can the Court determine whether they are potentially meritorious[1], as required by *Rhines*. Accordingly, the motion  (Doc. 11) will be denied without prejudice. If he

---

[1] To the extent that Petitioner intends to argue that DNA testing will show his actual innocence, any such argument must fail. Both the United States Supreme Court and the Tenth Circuit have repeatedly held that "a claim of actual innocence does not serve as the basis for granting habeas relief." *See Pacheco v. El Habti*, 48 F.4th 1179, 1186 (10th Cir. 2022); *see also Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceedings.").

wishes, Petitioner may file a second motion to stay this matter and hold it in abeyance that includes more information about the claims he intends to exhaust.[2]

**IT IS THEREFORE ORDERED** that the motion to stay this matter and hold it in abeyance (**Doc. 11**) is **denied without prejudice.** The deadlines set forth in the Court's memorandum and order dated February 9, 2026 (Doc. 10) remain in effect.

**IT IS SO ORDERED.**

DATED:   This 11th day of February, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

---

[2] A successful motion to stay and hold this matter in abeyance must identify the unexhausted claims Petitioner intends to exhaust in the DNA-testing proceedings in state-court. Those claims also must be included as grounds for relief asserted in the currently operative amended petition (Doc. 9). If unexhausted claims are not in the amended petition but Petitioner nevertheless seeks a stay of this federal habeas case to exhaust them, he must file a second amended petition that complies with the Court's memorandum and order of February 9, 2026 (Doc. 10) and that includes all claims he intends to bring in this federal habeas case, both exhausted and unexhausted. In other words, in order for this Court to stay this matter and hold it in abeyance while Petitioner exhausts a claim, that currently unexhausted claim must be asserted as a ground for relief in the most recent federal habeas petition filed in this Court.