**FILED**
**U.S. District Court**
**District of Kansas**
05/18/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**RICHARD CHANTEZ BUTLER,**

**Petitioner,**

v.                                                          **CASE NO. 25-3280-JWL**

**GLORIA GEITHER,**

**Respondent.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Richard Chantez Butler, a state prisoner incarcerated at Lansing Correctional Facility in Lansing, Kansas, who proceeds in forma pauperis. (*See* Doc. 3.) Petitioner filed the operative amended petition on February 3, 2026. (Doc. 9.) This matter comes now before the Court on Respondent Gloria Geither's pre-answer response ("PAR") and Petitioner's reply to the PAR. (Docs. 18 and 22.) The Court has considered the PAR and the reply and, for the reasons explained below, will grant Petitioner time in which to show why Ground Seven of this matter should not be summarily dismissed as barred by anticipatory procedural default. Also before the Court is Petitioner's "Motion to Amend Case Law," which the Court will deny. (Doc. 25.)

### Background

In March 2020, a jury in Atchison County, Kansas convicted Petitioner of three counts of rape, two counts of aggravated criminal sodomy, two counts of criminal threat, and one count each of aggravated kidnapping, aggravated robbery, aggravated assault, domestic battery, criminal damage to property, intimidation of a victim, and harassment by intimidation. (Doc. 18, p. 1-2.) In July 2020, the state district court sentenced Petitioner to a controlling sentence of 543 months in prison. (Doc. 9, p. 1.) Petitioner pursued a direct appeal and, in August 2022, the Kansas Court of

1

Appeals ("KCOA") vacated the aggravated kidnapping conviction. *State v. Butler*, 2022 WL 3692866, *13 (Kan. Ct. App. Aug. 26, 2022) (unpublished) (*Butler I*), *rev. in part by State v. Butler*, 317 Kan. 605, 606 (2023) (*Butler II*). The State filed a petition for review in the Kansas Supreme Court ("KSC"), which was granted, and in August 2023, the KSC reversed the KCOA's decision to vacate the aggravated kidnapping conviction. *Butler II*, 317 Kan. at 606.

Petitioner then filed a motion in state district court seeking relief under K.S.A. 60-1507. *See Butler v. State*, 2025 WL 733370 (Kan. Ct. App. Mar. 7, 2025) (unpublished) (*Butler III*), *rev. denied* July 31, 2025. The district court summarily denied relief and, on appeal, the KCOA affirmed the denial. *Id.* at *1-2. In July 2025, the KSC denied Petitioner's petition for review.

On December 31, 2025, Petitioner filed in this Court a petition seeking federal habeas relief under 28 U.S.C. § 2254. (Doc. 1.) As noted above, Petitioner filed the operative amended petition on February 3, 2026 (Doc. 9), after which the Court directed Respondent to file a limited PAR addressing the exhaustion of Petitioner's asserted grounds for federal habeas relief (Doc. 15). Respondent complied (Doc. 18) and Petitioner filed a reply to the PAR (Doc. 22).

## Standards of Initial Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Because Petitioner is proceeding pro se, the Court liberally construes the petition during this review, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were

2

never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

## Exhaustion Standards

"'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1544 (10th Cir. 1994). A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b)(1); *see also Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006). To satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the either the KCOA or the KSC, which must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020).

The exhaustion requirement exists to "give state courts a fair opportunity to act on [his] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citation omitted). Thus, the United States Supreme Court has held that before a state prisoner may pursue federal habeas relief on the grounds that his or her federal constitutional rights have been violated, "the federal claim must be fairly presented to the state courts." *See Picard*, 404 U.S. at 275. This requirement "reflects a policy of federal-state comity" and is "'an accommodation of our federal system designed to give the State an initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" *Id.* (citations omitted). In other words, the state courts must have the first chance to remedy violations of the rights guaranteed to state prisoners who are sentenced for violations of state law, even when the rights in question are guaranteed by the United States Constitution. *See*

*id.* at 275-76.

In order to have given the state appellate courts a "fair opportunity" to resolve a federal constitutional claim, Petitioner must have presented to the state court the same claim on which he now seeks federal habeas relief. The Tenth Circuit recently reaffirmed this principle, stating:

> "For a federal court to consider a federal constitutional claim in an application for habeas, the claim must be 'fairly presented to the state courts' . . . ." Thus, we recognize that we must afford state courts "the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights," which those courts cannot do unless they have been "alerted to the fact that the prisoners are asserting claims under the United States Constitution." A petitioner "need not cite 'book and verse on the federal constitution.'" But he must do "more than present[ ] 'all the facts necessary to support the federal claim' to the state court or articulat[e] a 'somewhat similar state-law claim.'" At bottom, "the crucial inquiry is whether *the 'substance'* of the petitioner's claim has been presented to the state courts in a manner sufficient to put the courts on notice of the federal constitutional claim."

*Honie v. Powell*, 58 F.4th 1173, 1184 (10th Cir. 2023) (citations omitted).

## Discussion

To her credit, Respondent candidly concedes in the PAR that Grounds One through Six of the amended petition were properly exhausted. (Doc. 18, p. 3.) Respondent argues that Ground Seven only was not properly exhausted and is now barred by anticipatory procedural default. *Id.* at 3-4. For his part, Petitioner asserted in the amended petition that he exhausted Ground Seven by raising it in his K.S.A. 60-1507 motion. (Doc. 9, p. 24.) He renews this argument in his reply to the PAR. *Id.* at 1-3. In his reply to the PAR, Petitioner also argues, in the alternative, "that Ground Seven and Ground Four are of the same in nature and or could be possible 'look at as the same claim.'" (Doc. 22, p. 5 (all errors in original).) For ease of understanding, the Court will address this alternative argument first.

### *Ground Seven and Ground Four*

The Court's review of Grounds Four and Seven, however, reveals that although they both

center on ineffective assistance of trial counsel, they are not the same claim for federal habeas purposes. In Ground Seven of the amended petition, Petitioner asserts that he received ineffective assistance of trial counsel in violation of the Sixth Amendment to the United States Constitution when trial counsel only partially disclosed to the jury evidence included in a domestic violence direct assessment ("the Assessment") that was conducted as part of the rape kit. (Doc. 9, p. 23.) *Id.* Liberally construing the supporting facts alleged in the amended petition, Petitioner appears to contend that trial counsel failed to adequately review the Assessment, failed to present exculpatory evidence in the Assessment, failed to present an expert, and let a State witness testify unchallenged. *Id.* Petitioner also asserts that trial counsel was ineffective for deciding not to introduce at trial Dr. James Lasseter's analysis of the rape kit, which Petitioner alleges would have led to a different outcome at trial and "opened up the flood-gates to [Petitioner's] innocence." *Id.*

Ground Four, on the other hand, focuses on a motion alleging ineffective assistance of trial counsel that Petitioner filed after his convictions but before sentencing; Ground Four asserts that "[t]he district court erred in summarily denying [Petitioner's] motion for new trial based on ineffective assistance of counsel." (Doc. 9, p. 20; *see also* Doc. 24-1, p. 14-15.) As supporting facts for Ground Four, Petitioner refers the reader to the brief filed on his behalf in his direct appeal. *Id.* The brief reflects that in Petitioner's pre-sentencing motion for new trial based on ineffective assistance of counsel, he argued trial counsel was ineffective by "failing to move for a mistrial after two witnesses mentioned his prior incarceration," failing to cross-examine the rape victim on her changing description of her assailant, and failing to "speak on the full rape kit." (Doc. 24-1, p. 14-15.) Nothing in Issue IV of the direct-appeal brief, which mirrors Petitioner's arguments in Ground Four of the amended federal habeas petition, mentions Dr. Lasseter, the Assessment, or trial counsel's failure to present expert testimony. *Id.* at 33-41. Thus, Ground Four

5

and Ground Seven do not involve the same claims of ineffective assistance of trial counsel.

The Tenth Circuit has long held that when a federal habeas petitioner raises a claim of ineffective assistance of counsel in the state court but "based it on different reasons than those expressed in his [federal] habeas petition," the bases which were not alleged in the state court have not been exhausted. *See Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999). Thus, because Ground Four and Ground Seven do not raise the same alleged instances of ineffective assistance of counsel, the exhaustion of Ground Four in the direct appeal does not equal the exhaustion of Ground Seven. The Court will therefore address independent exhaustion of Ground Seven.

### *Exhaustion of Ground Seven*

As a reminder, the focus in an exhaustion analysis is whether the claim presented in the federal habeas petition was fairly presented to the state appellate court. This Court has carefully reviewed the briefs filed in the KCOA and the KSC throughout Petitioner's appeals (Docs. 24-1 thorough 24-8) and agrees with Respondent that Ground Seven was not fairly presented to either appellate court in either of Petitioner's appeals. The analysis set forth above shows that Ground Seven was not exhausted during Petitioner's direct appeal.

Moreover, Petitioner did not exhaust Ground Seven through his K.S.A. 60-1507 and the related appeal. Although Petitioner raised *related* claims in those proceedings, he did not argue ineffective assistance of trial counsel to the state appellate court. Rather, he argued to the state district court and the KCOA:

> (1) The State knowingly introduced perjured testimony through the alleged victim. The basis for this claim was that L.K.'s statements to police and her testimony were not consistent with a court-ordered domestic violence assessment and her physical examination. Butler claims this was evidence newly discovered after trial;

6

(2) Prosecutorial error for failure to introduce the court-ordered domestic violence assessment into evidence at his preliminary hearing and trial; and

(3) He was denied his right to present theory of defense because the State did not admit the domestic violence assessment into evidence.

*See Butler III*, 2025 WL 733370 at *3. These are different claims than those presented in Ground Seven of the federal habeas petition now before this Court.

In his reply to the PAR, Petitioner argues that he substantially complied with the exhaustion requirement, which he asserts should be sufficient. (Doc. 22, p. 2.) He reminds the Court that he is a pro se litigant and he asserts that he "misstated his nouns" and argued prosecutorial error when he meant to argue ineffective assistance of trial counsel. *Id.* This argument fails to persuade the Court that Ground Seven was exhausted.

Petitioner's reliance on *State v. Burnett*, 297 Kan. 447 (2013), as legal authority for the sufficiency of substantial compliance is misplaced. First, the exhaustion requirement for state prisoners seeking federal habeas relief is one created by federal law. *See* 28 U.S.C. § 2254(b)(1) (establishing exhaustion requirement and exceptions). *Burnett* is an opinion issued by the Kansas Supreme Court, so it is not binding on the interpretation of federal law by federal courts like this Court. *See Wilder v. Turner*, 490 F.3d 810, 814 (10th Cir. 2007) ("[W]e are not bound by a state court interpretation of federal law . . . .").

Second, *Burnett* did not involve the federal habeas exhaustion requirement. Petitioner attributes to *Burnett* the following quote: "'substantial compliance was/is sufficient.'" (Doc. 22, p. 2.) The sentence in *Burnett*, in full, reads: "But substantial compliance with the UMDDA is sufficient to invoke its protections." 297 Kan. at 453. The "UMDDA" refers to the Uniform Mandatory Disposition of Detainers Act, K.S.A. 22-4301 *et seq. See* 297 Kan. at 448.

Finally, in light of the case law set forth above regarding the "fair presentment" principles

underlying the exhaustion requirement, this Court cannot agree that a claim of prosecutorial misconduct is substantially equivalent to a claim of ineffective assistance of defense counsel. The Tenth Circuit clearly instructed:   "'[T]he crucial inquiry is whether *the 'substance'* of the petitioner's claim has been presented to the state courts in a manner sufficient to put the courts on notice of the federal constitutional claim.'" *Honie*, 58 F.5th at 1184 (citation omitted). Petitioner's claim of prosecutorial misconduct did not put the state courts on notice of a claim of ineffective assistance of trial counsel. Accordingly, the Court agrees with Respondent that Ground Seven was not properly exhausted.

### *Anticipatory Procedural Default*

Where a petitioner fails to present a claim in the state courts, and would be procedurally barred from presenting it if he returned to state court, there is an anticipatory procedural bar which prevents the federal court from addressing the merits of the claim. *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007). The claim is referred to as being barred by anticipatory procedural default. In the PAR, Respondent argues that there is no remaining procedural avenue by which Petitioner could return to state court to exhaust Ground Seven. (Doc. 18, p. 4.) She asserts that any future K.S.A. 60-1507 motion Petitioner files including the allegations of ineffective assistance of counsel in Ground Seven would be dismissed under K.S.A. 60-1507(c) as successive. *Id.* Thus, she contends, Ground Seven is barred by anticipatory procedural default. *Id.*

The Court agrees. K.S.A. 60-1507(c) provides:   "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." Thus, any future K.S.A. 60-1507 motion by Petitioner would likely be denied as successive. In his reply to the PAR, Petitioner identifies no avenue by which he could now exhaust Ground Seven in the state courts. (Doc. 22.) The Court will grant Petitioner time in which to

8

identify any way by which he could return to state court to now exhaust Ground Seven. But if Petitioner cannot do so, the Court will conclude that Ground Seven falls within the bar against considering claims subject to anticipatory procedural default.

There are two ways Petitioner may overcome this bar: he can establish cause and prejudice for his default of state court remedies or he can establish that a fundamental miscarriage of justice will occur if the Court does not consider the merits of the claims. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Fontenot v. Crow*, 4 F.4th 982, 1028 (10th Cir. 2021) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).To demonstrate cause in this context, Petitioner must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [petitioner.]" *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). He also must show "actual prejudice as a result of the alleged violation of federal law." *See Coleman*, 501 U.S. at 750.

The Court pauses to note that in Petitioner's reply to the PAR, he argues that the state district court's failure to appoint counsel to represent him in pursuing post-conviction relief under K.S.A. 60-1507 is an "objective factor external to the defense [that] impeded [his] ability to have complied w[ith] the state's procedural rule and exhaust [his] claim at the appropriate time." (Doc. 22, p. 3.) The Tenth Circuit has rejected the claim that a litigant's "pro se status and his corresponding lack of awareness and training on legal issues do not constitute adequate cause' to overcome a procedural bar." *Quintana v. Hansen*, 733 F. App'x 439, 444 (10th Cir. 2018) (unpublished) (quoting *Rodriguez v. Maynard*, 948 F.2d 684, 688 (10th Cir. 1991)). It has also

9

held that a state court's refusal to appoint post-conviction counsel is not cause to overcome a procedural bar because there is "'no constitutional right to an attorney in state post-conviction proceedings.'" *Quintana*, 733 F. App'x at 444 (quoting *Coleman*, 501 U.S. at 725). Therefore, to the extent that Petitioner argues that the lack of post-conviction counsel is cause to overcome the anticipatory procedural default of Ground Seven, his argument must fail. Petitioner will be granted time in which show, in writing, other cause and prejudice that might overcome his anticipatory procedural default of Ground Seven.

An anticipatory procedural default also may be excused, meaning that this Court will reach the merits of the claim, if Petitioner can show that the failure to consider the merits of the claim would result in a fundamental miscarriage of justice. To proceed under this exception, Petitioner "must make a colorable showing of factual innocence." *See Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000). This exception requires a colorable showing of "'factual innocence not mere legal insufficiency.'" *See O'Bryant v. Oklahoma*, 568 Fed. Appx. 632, 637 (10th Cir. 2014) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Petitioner is not required to conclusively exonerate himself, but he must show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

The actual innocence exception is sometimes called a gateway because, if successful, Petitioner is not guaranteed federal habeas relief. Instead, if Petitioner successfully makes a colorable showing of actual innocence, he will pass through the gateway otherwise closed by the anticipatory procedural default of Ground Seven, meaning that the federal court may consider the merits of the arguments in Ground Seven. The Tenth Circuit has made clear:

> [T]enable actual-innocence gateway pleas are rare, arising only in an extraordinary case. The gateway should open only when a petition presents evidence of innocence

so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.

*Fontenot*, 4 F.4th at 1031 (citations and quotation marks omitted).

To qualify for the actual innocence exception, Petitioner must present to this Court "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. "To be 'new,' the evidence need only be evidence that was not considered by the fact-finder in the original proceedings." *Taylor v. Powell*, 7 F.4th 920, 927 (10th Cir. 2021) (citing *Fontenot v. Crow*, 4 F.4th 982, 1031-33 (10th Cir. July 13, 2021)). "An actual innocence claim must be based on more than the petitioner's speculations and conjectures." *Taylor v. Powell*, 7 F.4th 920, 927 (10th Cir. 2021). If Petitioner comes forward with new reliable evidence, "[t]he habeas court must make its determination . . . 'in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial.'" *Schlup*, 513 U.S. at 328.

## Conclusion

For the reasons set forth above, the Court concludes that Ground Seven of the amended petition appears to be barred by anticipatory procedural default. Petitioner will be given time in which to submit a written response identifying an avenue by which he could properly return to state court and exhaust Ground Seven. In the alternative, Petitioner may choose to argue that this Court should consider the merits of Ground Seven regardless of the anticipatory procedural default. To succeed on this argument, Petitioner must show (1) cause and prejudice or (2) that a fundamental miscarriage of justice will occur if the Court declines to consider the arguments in Ground Seven on their merits. After Petitioner files his response to this order, the Court will review it carefully and will issue additional orders. If Petitioner fails to timely file a response to this order,

Ground Seven of the amended petition will be dismissed without further prior notice to Petitioner and this matter will proceed on Grounds One through Six of the amended petition.

**Motion to Amend Case Law to Ground Four and Seven (Doc. 25)**

Also before the Court is Petitioner's motion asking to add *Olden v. Kentucky*, 488 U.S. 227 (1988), as legal authority in support of Ground Four and Ground Seven. (Doc. 25.) The motion provides no further information about the relevance of this case or any indication what document previously filed in this Court Petitioner is seeking to amend. The motion will be denied. If Petitioner wishes to amend his memorandum of law filed in support of the amended petition (Doc. 14), he must file a motion seeking to file a complete amended memorandum of law in support of the amended petition that will replace any previous memorandum of law filed in this case. The Court is not inclined to allow amendment of the memorandum by supplemental filing.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including **June 18, 2026**, to submit a written response to this order that shows cause why Ground Seven of the amended petition should not be dismissed as barred by anticipatory procedural default. If Petitioner fails to timely file a written response, Ground Seven will be dismissed without further prior notice to him and this matter will proceed on Grounds One through Six only.

**IT IS FURTHER ORDERED** that the motion to amend case law (**Doc. 25**) is **denied**.

**IT IS SO ORDERED.**

DATED:   This 18th day of May, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

12