**FILED**
**U.S. District Court**
**District of Kansas**
05/21/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

RICHARD CHANTEZ BUTLER,

                Petitioner,

      v.                                   **CASE NO. 25-3280-JWL**

GLORIA GEITHER,

                Respondent.

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Richard Chantez Butler, a state prisoner incarcerated at Lansing Correctional Facility in Lansing, Kansas. (Doc. 8.) On May 18, 2026, the Court issued a memorandum and order to show cause ("MOSC") granting Petitioner time "to submit a written response to this order that shows cause why Ground Seven of the amended petition should not be dismissed as barred by anticipatory procedural default." (Doc. 26, p. 12.) The MOSC also denied Petitioner's "motion to amend case law to ground four and seven" (Doc. 25), informing Petitioner that if he "wishes to amend his memorandum of law filed in support of the amended petition (Doc. 14), he must file a motion seeking to file a complete amended memorandum of law in support of the amended petition that will replace any previous memorandum of law filed in this case." (Doc. 26, p. 12.)

This matter comes now before the Court on a document Petitioner filed on May 20, 2026 titled "Motion to File *Amended* Memorandum of Law in Support of Law." (Doc. 27 (emphasis in original).) The Court has carefully reviewed the motion, which (1) sets forth the language of 28 U.S.C. § 2254, (2) argues that the Grounds in the amended petition entitle Petitioner to federal habeas relief, and (3) requests an evidentiary hearing. (Doc. 27, p. 1-6.) The body of the motion does not expressly ask to file an amended memorandum of law. *Id.*

1

When the pro se motion is liberally construed in light of the language quoted above from the MOSC regarding filing an amended memorandum of law in support of the amended petition, however, it appears that Petitioner wishes this motion to be filed as the amended memorandum of law in support of his amended petition. If this understanding is incorrect, Petitioner should clarify the purpose of the "Motion to File *Amended* Memorandum of Law in Support of Law" (Doc. 26) as soon as possible in a written notice to this Court. If the Court's understanding of the "Motion to File *Amended* Memorandum of Law in Support of Law" is correct, Petitioner need file nothing further related to that motion. To the extent that Petitioner wishes to file the motion as an amended memorandum of law in support of the amended petition, the request is granted. The Court will direct the clerk to docket a copy of the motion as an amended memorandum of law in support of the amended petition.

To the extent that the motion seeks an evidentiary hearing in this Court, it is denied without prejudice. In the case now before this Court, the initial review required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("the Rules") is not yet complete. (*See* Doc. 26, p. 2-3.) Once the questions identified in the MOSC are resolved, the Court will order Respondent to file an answer as contemplated by Rule 5 of the Rules. After the answer, the relevant state-court records, and the traverse—Petitioner's response to the answer—are filed, the Court will consider whether an evidentiary hearing is necessary. *See* Rule 8 of the Rules, 28 U.S.C. foll. § 2254 ("If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted."); 28 U.S.C. § 2254(e)(2) (identifying limited circumstances under which a federal court may an hold evidentiary hearing on a claim for which the factual basis was insufficiently developed in state court); *Schriro v. Landrigan*, 550 U.S.

465, 474 (2007) (holding district court not required to hold evidentiary hearing if the record precludes habeas relief); *Anderson v. Att'y Gen. of Kansas*, 425 F.3d 853, 859 (10th Cir. 2005) ("[A]n evidentiary hearing is unnecessary if the claim can be resolved on the record."). Thus, whether an evidentiary hearing is warranted in this matter is a question that will be resolved at a later time and the current request is denied without prejudice.

Finally, the Court notes that Petitioner refers briefly in the current motion to a miscarriage of justice. (Doc. 27, p. 5-6.) To be clear, the Court does not consider the current motion as a response to the MOSC. Petitioner has until and including June 18, 2026 to file a single written response to the MOSC. He should clearly title his written response to the MOSC in a way that it is easily identifiable as the response to the MOSC.

**IT IS THEREFORE ORDERED** that the motion (**Doc. 27**) is **granted in part and denied in part**. To the extent that the Petitioner seeks to file the motion as an amended memorandum of law, the request is granted. The Clerk shall docket a copy of the motion (Doc. 27) as an "Amended Memorandum of Law in Support of the Amended Petition." To the extent that the motion asks for an evidentiary hearing, it is denied without prejudice for the reasons stated in this order. Petitioner's response to the memorandum and order to show cause (Doc. 26) is due on or before **June 18, 2026**.

**IT IS SO ORDERED.**

DATED:   This 21st day of May, 2026, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge

3