**FILED**
**U.S. District Court**
**District of Kansas**
06/10/2026

**Clerk, U.S. District Court**
**By: SND Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

RICHARD CHANTEZ BUTLER,

     **Petitioner,**

  v.           CASE NO. 25-3280-JWL

GLORIA GEITHER,

     **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Richard Chantez Butler, who is currently incarcerated at Lansing Correctional Facility in Lansing, Kansas. Petitioner's response to the memorandum and order to show cause (Doc. 26) regarding the anticipatory procedural default of Ground Seven is due on or before June 18, 2026. This matter comes now before the Court on Petitioner's second motion for appointment of counsel (Doc. 34). Petitioner's first motion for appointment of counsel was denied without prejudice on January 6, 2026. (Doc. 6.)

The current motion for appointment of counsel asserts that Petitioner is in custody, he is indigent, and he is unable to retain counsel. (Doc. 34, p. 1.) As Petitioner is aware, he has no constitutional right to counsel in a federal habeas corpus action, and whether to appoint counsel is a matter of discretion by the Court. (*See* Doc. 6, p. 1 (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), and *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994)).) The Court may appoint counsel if it "determines that the interest of justice so require," but Petitioner bears the burden to convince the Court that appointment of counsel is warranted. (*See* Doc. 6, p. 1-2); 18 U.S.C. § 3006A(a)(2)(B); *Steffey v. Orman*, 451 F.3d 1218, 1223 (10th

1

Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). When deciding whether to appoint counsel, the Court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citation omitted).

As it did when it considered Petitioner's previous motion for appointment of counsel, the Court concludes that the interest of justice does not currently require appointment of counsel for Petitioner. The Court has not yet concluded its review of the amended petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner has so far appeared capable of presenting relevant facts and legal arguments. Moreover, the Court does not anticipate that the issues in this matter will be overly complex. Thus, the motion for appointment of counsel will be denied without prejudice. If this case develops in a way that requires counsel, Petitioner may renew his motion. *See* Rules 6, 7, and 8 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C.A. foll. § 2254 (discussing discovery, expansion of the record, and evidentiary hearings).

**IT IS THEREFORE ORDERED THAT** the motion to appoint counsel (Doc. 34) is **denied without prejudice**.

**IT IS SO ORDERED.**

DATED:   This 10th day of June, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

2