**FILED**
**U.S. District Court**
**District of Kansas**
06/22/2026

**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**RICHARD CHANTEZ BUTLER,**

**Petitioner,**

v.

**CASE NO. 25-3280-JWL**

**GLORIA GEITHER,**

**Respondent.**

**<u>MEMORANDUM AND ORDER</u>**

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Richard Chantez Butler, a state prisoner currently incarcerated at Lansing Correctional Facility in Lansing, Kansas. Petitioner proceeds in forma pauperis. (Doc. 3.) The operative amended petition (Doc. 9) was filed on February 3, 2026. This matter comes now before the Court on Petitioner's response (Doc. 36) to the Court's memorandum and order (Doc. 26) regarding anticipatory procedural default of Ground Seven of the amended petition. For the reasons explained below, the Court will dismiss Ground Seven of the amended petition and will order Respondent to file an answer to the remaining grounds for relief.

**Background**

The parties are well aware of the procedural history that led to this federal habeas case and the Court sees no need to repeat it here. (*See* Doc. 26, p. 1-2.) It is sufficient at this point to note that Petitioner is currently serving a lengthy prison sentence imposed after he was convicted of multiple crimes. (Doc. 9, p. 1; Doc. 18, p. 1-2.) Petitioner's direct appeal was ultimately unsuccessful, as was his motion for state habeas relief under K.S.A. 60-1507. *See State v. Butler*, 317 Kan. 605 (2023); *Butler v. State*, 2025 WL 733370 (Kan. Ct. App. Mar. 7, 2025 (unpublished), *rev. denied* July 31, 2025. Petitioner began the federal habeas case now before this Court on

1

December 31, 2025 by filing a petition for relief under 28 U.S.C. § 2254, and he filed his amended petition on February 3, 2026. (Docs. 1 and 9.)

The Court began the review of the amended petition required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("the Habeas Rules"), 28 U.S.C. foll. § 2254, and ordered Respondent Gloria Geither to file a limited pre-answer response ("PAR") addressing whether Petitioner had exhausted his asserted grounds for relief. (Doc. 15.) After Respondent filed her PAR (Doc. 18) and Petitioner filed a reply to the PAR (Doc. 22), the Court issued a memorandum and order to show cause ("MOSC") explaining its conclusion that Ground Seven of the amended petition appears barred by anticipatory procedural default. (Doc. 26.) The Court therefore granted Petitioner time to show cause why Ground Seven should not be summarily dismissed. *Id.*

Petitioner timely filed his response to the MOSC on June 17, 2026. (Doc. 36.) The Court has carefully considered the response and is now prepared to rule on whether Ground Seven of the amended petition must be dismissed under Habeas Rule 4 because consideration of its merits is barred by the doctrine of anticipatory procedural default.

**Discussion**

Petitioner's response to the MOSC is 75 pages long and he attached 43 pages of supporting exhibits. (Docs. 36 and 36-1.) Even liberally construing the response, at no point does Petitioner challenge the Court's conclusion that Ground Seven was not properly exhausted in the state appellate courts or argue that there remains a procedural avenue by which Petitioner could now return to state court and do so. Thus, the Court maintains those prior conclusions for the reasons set forth in the MOSC. (*See* Doc. 26, p. 4-9.) Consideration of Ground Seven on its merits is thus subject to the bar against considering the merits of claims that are barred by the doctrine of

anticipatory procedural default. *See id.*

As the MOSC explained:

There are two ways Petitioner may overcome this bar: he can establish cause and prejudice for his default of state court remedies or he can establish that a fundamental miscarriage of justice will occur if the Court does not consider the merits of the claims. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Fontenot v. Crow*, 4 F.4th 982, 1028 (10th Cir. 2021) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).To demonstrate cause in this context, Petitioner must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [petitioner.]" *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). He also must show "actual prejudice as a result of the alleged violation of federal law." *See Coleman*, 501 U.S. at 750.

(Doc. 26, p. 9.)

Petitioner titles some of the sections of his response using the words cause, effect, and prejudice. (*See* Doc. 36, p. 25, 34, 49, 64.) But the arguments contained in those sections do not identify any objective factor external to the defense that impeded Petitioner's ability to properly exhaust the arguments in Ground Seven. Instead, highly summarized, the response details evidence presented at various points during Petitioner's criminal prosecution and argues that the State failed to meet its burden of proof at trial. Because Petitioner has failed to identify any objective factor that prevented him from properly exhausting Ground Seven, he has failed to show the type of cause and prejudice that would allow the Court to consider the merits of the arguments in Ground Seven.

In his response, Petitioner also cites *Elmore v. Ozmint*, 661 F.3d 783 (4th Cir. 2011), as support for his contention that this Court should not dismiss Ground Seven as barred by anticipatory procedural default. (Doc. 36, p. 73-74.) *Elmore* does not convince this Court to consider the merits of Ground Seven. First, because *Elmore* is a decision by the United States Court of Appeals for the Fourth Circuit, it is not binding on this Court. Precedent from other

3

circuits may be persuasive, but this Court is bound to apply the holdings of the Supreme Court and the Tenth Circuit." *See Gulick v. State Farm Mut. Aut. Ins. Co.*, 780 F. Supp. 3d 1169, 1205 n.6 (D. Kan. April 30, 2025). Second, *Elmore* did not involve anticipatory procedural default; it was an examination of already exhausted issues on their merits. *See Elmore*, 661 F.3d at 786, 789 (noting federal district court denied claims "previously exhausted in the South Carolina courts" and identifying two issues left on appeal). In the case now before this Court, the focus is not whether the arguments in Ground Seven warrant habeas relief, it is whether the arguments may be considered at all.

The response to the MOSC could be liberally construed to assert that this Court should apply the actual innocence exception to the general bar on considering grounds that are subject to anticipatory procedural default. (Doc. 36, p. 74.) As the MOSC explained:

> An anticipatory procedural default also may be excused, meaning that this Court will reach the merits of the claim, if Petitioner can show that the failure to consider the merits of the claim would result in a fundamental miscarriage of justice. . . . This exception requires a colorable showing of "'factual innocence not mere legal insufficiency.'" *See O'Bryant v. Oklahoma*, 568 Fed. Appx. 632, 637 (10th Cir. 2014) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Petitioner is not required to conclusively exonerate himself, but he must show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

> . . . .

> To qualify for the actual innocence exception, Petitioner must present to this Court "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. "To be 'new,' the evidence need only be evidence that was not considered by the fact-finder in the original proceedings." *Taylor v. Powell*, 7 F.4th 920, 927 (10th Cir. 2021) (citing *Fontenot v. Crow*, 4 F.4th 982, 1031-33 (10th Cir. July 13, 2021)). "An actual innocence claim must be based on more than the petitioner's speculations and conjectures." *Taylor*[, 7 F.4th at 927. If Petitioner comes forward with new reliable evidence, "[t]he habeas court must make its determination . . . 'in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and

evidence tenably claimed to have been wrongly excluded or to have become available only after the trial.'" *Schlup*, 513 U.S. at 328.

(Doc. 26, p. 10-11.)

Even liberally construing the response to the MOSC, Petitioner has not clearly identified the "new reliable evidence" that he believes would have left any reasonable juror with a reasonable doubt about his guilt. His general reference to "forensic medical evidence" is insufficiently specific. (*See* Doc. 36, p. 74.) If by this phrase, Petitioner meant to refer to any of the exhibits attached to his response, the Court is not convinced that these exhibits justify application of the actual innocence exception.

Petitioner's arguments in his response largely point to inconsistencies between the victim's testimony and written reports, which he asserts prove that the victim was not truthful. At best, Petitioner has presented this Court with "impeachment evidence, rather than evidence of actual innocence." *See Stafford v. Saffle*, 34 F.3d 1557, 1561 (10th Cir. 1994). "Simply maintaining one's innocence, or even casting some doubt on witness credibility, does not necessarily" demonstrate that "it is more likely than not that *no reasonable juror* would have found him guilty beyond a reasonable doubt." *Frost v. Pryor*, 749 F.3d 1212, 1232 (10th Cir. 2014) (citations and internal quotation marks omitted).

As explained in the MOSC, the focus for the actual innocence exception is *factual* innocence. The Court has considered the arguments in the response to the MOSC and has considered the attachments to the response. It concludes that Petitioner has not made a colorable showing of actual innocence and, specifically, he has not provided this Court with new, reliable evidence that, if it had been admitted at trial, makes it more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Therefore, Ground Seven will be dismissed from this case because consideration of its merits is barred by anticipatory procedural

default. Grounds One through Six survive screening.

## Conclusion

The Court has completed reviewing the petition as required by Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts. The Court finds that:

1. Petitioner is presently a prisoner in the custody of the State of Kansas; and

2. Petitioner demands his release from such custody, and as grounds therefore alleges that he is being deprived of his liberty in violation of his rights under the Constitution of the United States, and he claims that he has exhausted all remedies afforded by the courts of the State of Kansas with respect to the arguments made in his petition.

**IT IS THEREFORE ORDERED**

1. That Ground Seven of the amended petition (Doc. 9) is **dismissed with prejudice** because the claims therein are subject to anticipatory procedural default and Petitioner has not made the showing required for the Court to consider the merits of claims subject to anticipatory procedural default.

2. That pursuant to Rule 5 of the Rules Governing Section 2254 Cases, Respondent shall file an answer on or before **August 24, 2026** showing why the writ should not be granted based on the arguments in Grounds One through Six of the amended petition (Doc. 9) and attachments thereto.

3. That the answer should address:

   a. The necessity for an evidentiary hearing on Grounds One through Six as alleged in the second amended petition;

   b. Whether the arguments in Grounds One through Six of the amended petition are barred by a statute of limitations or any other procedural bar; and

6

c.  An analysis of Grounds One through Six and any cases and supporting documents relied upon by Respondent in opposition to the same.

Respondent shall cause to be forwarded to this Court for examination and review the records and transcripts, if available, of the criminal proceedings complained of by Petitioner. If a direct appeal of the judgment and sentence of the trial court was taken by Petitioner, Respondent shall furnish the records, or copies thereof, of the appeal proceedings and any subsequent postconviction proceedings.

4.  That upon the termination of the proceedings herein, the clerk of this Court will return to the clerk of the proper state court all state court records and transcripts.

5.  That Petitioner be granted to and including **September 24, 2026** to file a traverse, or response, to the answer, admitting or denying, under oath, all factual allegations therein contained.

6.  That the clerk of this Court then return this file to the undersigned for such other and further proceedings as may be appropriate; and that the clerk of this Court transmit copies of this order to Petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED:   This 22nd day of June, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

7