## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RICHARD CHANTEZ BUTLER,

                Petitioner,

v.

                                Case No. 25-cv-3280-DDC-JBW

GLORIA GEITHER,

                Respondent.

## MEMORANDUM AND ORDER

Petitioner Richard Chantez Butler, a state prisoner currently incarcerated at Lansing Correctional Facility proceeding *pro se* and *in forma pauperis,* initiated this action by filing a petition for federal habeas relief under 28 U.S.C. § 2254. The Court has completed its preliminary review of Petitioner's amended petition (Dkt. 9) as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("the Habeas Rules")[1] and set a deadline for Respondent to file an answer. In response, Petitioner filed a third motion for appointment of counsel (Dkt. 39). As explained below, the motion is denied without prejudice.

## I.    Background

On December 31, 2025, Petitioner filed a petition for writ of habeas corpus (Dkt. 1) challenging his convictions and 543-month sentence imposed by the Atchison County, Kansas District Court following jury trial in March 2020. Petitioner also filed a motion for appointment of counsel (Dkt. 4). On January 6, 2026, the Court denied the motion without prejudice, finding the interest of justice did not require appointment of counsel for Petitioner at the preliminary stage

---

[1] 28 U.S.C. foll. § 2254.

of this habeas proceedings (Dkt. 6). The Court advised Petitioner that he could renew his request if the case survived initial screening and developed in a manner warranting counsel, such as if discovery were authorized or an evidentiary hearing became necessary.[2]

Petitioner filed a second motion for appointment of counsel on June 9, 2026 (Dkt. 34). The Court, noting it had not yet concluded its review of the amended petition, denied the second motion without prejudice on June 10, 2026 (Dkt. 35). The Court again concluded the interests of justice did not require appointment of counsel for Petitioner. It also found Petitioner so far appeared capable of presenting relevant facts and legal arguments and the issues in this matter did not appear overly complex. Petitioner was again advised if this case develops in a way that requires counsel, he may renew his motion.

On June 22, 2026, the Court entered an order (Dkt. 37) stating that it had completed its review of the amended petition under Habeas Rule 4. It dismissed Ground Seven of the amended petition and ordered Respondent to file an answer on or before August 24, 2026 showing why the writ should not be granted based on the arguments in Grounds One through Six of the amended petition. Petitioner filed his third motion for appointment of counsel on June 29, 2026.[3]

## II.      Legal Standard for Appointing Counsel in Federal Habeas Action

The court may appoint counsel in a federal habeas action under 18 U.S.C. § 3006A(a)(2)(B) if it "determines that the interests of justice so require."[4] However, there is no constitutional right

---

[2] *See* Order (Dkt. 6) at 3 (referencing Rules 6, 7, and 8 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C.A. foll. § 2254 (discussing discovery, expansion of the record, and evidentiary hearings)).

[3] The motion was referred to the undersigned Magistrate Judge on July 16, 2026 (Dkt. 40).

[4] *See* 18 U.S.C. § 3006A(a)(2)(B) (representation may be provided for any financially eligible person seeking relief under section 28 U.S.C. § 2254 if the court determines that the "interests of justice so require").

to counsel in a federal habeas corpus action beyond the direct appeal of a criminal conviction.[5] In most Section 2254 proceedings, the appointment of counsel is left to the court's discretion.[6] In exercising that discretion when deciding whether to appoint counsel, the court considers the following factors: "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."[7] The petitioner bears the burden to convince the court there is sufficient merit to his claim to warrant the appointment of counsel.[8]

The court's discretion is not without limit. Habeas Rule 8(c) provides "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A."[9] The Tenth Circuit has made clear that once a district court determines that an evidentiary hearing is required, appointment of counsel is mandatory—not discretionary.[10] Thus, until an evidentiary hearing is deemed necessary, appointment remains within the court's sound discretion; once a hearing is required, however, counsel must be appointed for a qualifying petitioner.[11]

---

[5] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994) ("We agree with the district court to the extent that there is no constitutional right to counsel beyond the appeal of a criminal conviction . . .").

[6] *Swazo*, 23 F.3d at 333; *Smith-Parker v. Schnurr*, No. 25-3095-DDC-BGS, 2026 WL 621073, at *2 (D. Kan. Mar. 5, 2026).

[7] *Steffey v. Orman*, 461 F.3d 1218, 1224 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).

[8] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citing *United States v. Masters*, 484 F.2d 1251, 1253 (10th Cir. 1973)).

[9] 28 U.S.C. foll. § 2254.

[10] *Swazo*, 23 F.3d at 333–34.

[11] *See id.*

Accordingly, in evaluating a motion to appoint counsel in a habeas proceeding, the court first determines whether an evidentiary hearing is required under Habeas Rule 8(c).[12] If so, and if the petitioner qualifies under 18 U.S.C. § 3006A, the court must appoint counsel.[13] If no evidentiary hearing is required, the court applies the discretionary factors in determining whether the interests of justice warrant appointment.

### III.        Petitioner's Third Motion for Appointment of Counsel

At this stage, the Court has not made a determination whether an evidentiary hearing is required under Habeas Rule 8(a), so the mandatory-appointment provision of Habeas Rule 8(c) does not apply. The Court has completed its Habeas Rule 4 review of Petitioner's amended habeas petition and ordered Respondent to file answer on or before August 24, 2026 addressing, among other things, "the necessity for an evidentiary hearing on Grounds One through Six as alleged in the second amended petition."[14] Respondent has also been ordered to forward records and transcripts, if available, of the criminal proceedings complained of by Petitioner and furnish the records of the appeal proceedings and any subsequent postconviction proceedings. Petitioner has until September 24, 2026 to file a traverse, or response, to the answer, admitting or denying, under oath, all factual allegations contained therein. After the answer, the relevant state-court records, and the traverse—Petitioner's response to the answer—are filed, the Court will consider whether an evidentiary hearing is necessary.[15] Only if the district judge concludes that further factual

---

[12] *Smith-Parker,* 2026 WL 621073, at *3.

[13] *Id*.

[14] June 22, 2026 Mem. & Order (Dkt. 37) at 6.

[15] *See* Habeas Rule 8(a), 28 U.S.C. foll. § 2254 ("If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.")

development is warranted may the Court authorize discovery or set an evidentiary hearing, subject

to the limitations of 28 U.S.C. § 2254(e)(2). Because the mandatory-appointment provision does

not apply, the Court turns to whether discretionary appointment of counsel is warranted.[16]

The Court finds the factors for discretionary appointment weigh against appointing counsel

for Petitioner at this time. First, regarding the merits of Petitioner's case, "[t]he burden is on the

applicant to convince the court that there is sufficient merit to his claim to warrant the appointment

of counsel."[17] Petitioner's two-page motion offers little to convince the Court on this factor. The

Court has ordered Respondent to file an answer showing why the writ should not be granted based

on Petitioner's arguments in Grounds One through Six of the amended petition. Petitioner's

arguments on these Grounds can be summarized as: (1) insufficient evidence supported the

aggravated kidnapping conviction; (2) the three rape convictions and the two aggravated criminal

sodomy convictions are multiplicitous; (3) the state committed reversible prosecutorial error

during closing argument; (4) the trial court erred in summarily denying the motion for new trial

based on ineffective assistance of counsel; (5) cumulative trial errors; and (6) reliance during

sentencing on criminal history not proven to a jury beyond a reasonable doubt.[18] The Court notes

that many of these same arguments were raised by Petitioner in his direct appeal.[19] The Kansas

---

[16] *See* Habeas Rule 8(c) ("These rules do not limit the appointment of counsel under § 3006A at any stage of the proceeding.").

[17] *Hill*, 393 F.3d at 1115 (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

[18] *See* Am. Pet. (Dkt. 9) at 2.

[19] Petitioner argued in his direct appeal that a charge of aggravated kidnapping was not supported by sufficient evidence, the three convictions of rape and two convictions of aggravated criminal sodomy are multiplicitous, the State committed prosecutorial error during closing argument, the trial court erred in denying his motion for a new trial, and his right to a jury trial were violated when it included prior convictions in calculating his prison sentence. *See State v. Butler*, 515 P.3d 754 (Kan. Ct. App. 2022) (unpublished), *rev'd*, 317 Kan. 605, 533 P.3d 1022 (2023).

Supreme Court ultimately rejected Petitioner's arguments and affirmed the district court's judgment.[20] Petitioner also filed a motion in state district court seeking state habeas relief under K.S.A. 60-1507. The district court denied relief and the Kansas Court of Appeals affirmed the denial.[21] The merits factor does not support discretionary appointment of counsel at this time.

The second factor is the nature and complexity of the factual and legal issues. Petitioner does not identify any novel constitutional theory, unusually intricate fact dispute, or need for technical or scientific evidence that would render the issues unusually complex. Nor does the case presently involve discovery or evidentiary development. While habeas litigation is undoubtedly challenging for a *pro se* litigant, the claims asserted here are neither factually nor legally extraordinary. Accordingly, the second factor does not weigh in favor of appointing counsel at this stage.

The third factor the Court considers is Petitioner's capacity to prepare and present the case without the aid of counsel.[22] In considering this factor, the Court must look to the Petitioner's ability to gather and present crucial facts as well as the complexity of the case.[23] Petitioner commenced this case *pro se* in December 2025, following the denial of his *pro se* motion in state district court seeking state habeas relief under K.S.A. 60-1507 and after the Kansas Supreme Court affirmed the trial court's judgment on direct appeal. Throughout his direct appeal, state habeas

---

[20] *State v. Butler*, 317 Kan. 605, 612, 533 P.3d 1022, 1027 (2023). On direct appeal, the Kansas Court of Appeals vacated the aggravated kidnapping conviction for insufficient evidence, but the Kansas Supreme Court reversed that holding and reinstated the conviction. *Id.*

[21] *See Butler v. State*, 565 P.3d 296, 2025 WL 733370 (Kan. Ct. App. Mar. 7, 2025) (unpublished), rev. denied July 31, 2025.

[22] *Steffey*, 461 F.3d at 1224.

[23] *Smith-Parker*, 2026 WL 621073, at *4.

proceedings, and in this proceeding to date, Petitioner has demonstrated his ability to gather facts and present his claims and arguments in his pleadings and other filings. Petitioner has filed multiple pleadings in this matter responsive to the Court's orders and which articulate the factual basis of his claims and cite relevant constitutional provisions. Through his own efforts to date without counsel, Grounds One through Six of Petitioner's amended petition have passed the Court's screening under Habeas Rule 4. This shows Petitioner has the capacity to present relevant facts and legal arguments without the aid of counsel. Petitioner has not alleged any special circumstances that would lead the Court to conclude that he is not capable of continuing to proceed on his own behalf or set his case apart from other incarcerated individuals proceeding *pro se* in federal court. Accordingly, the third factor does not weigh in favor of discretionary appointment of counsel.

After considering all the relevant factors, the Court exercises its discretion and finds no basis to appoint counsel at this stage of the proceedings. Petitioner's claims are neither unusually factually or legally complex and he appears fully capable of continuing to represent himself without counsel in this proceeding. Although Petitioner is not an attorney and appointed counsel might present his arguments more effectively, that does not distinguish him from the many *pro se* litigants who pursue habeas relief in federal court.[24] On balance, the Court concludes that the factors weigh against discretionary appointment of counsel at this time.

**IT IS THEREFORE ORDERED** that Petitioner's third Motion for Appointment of Counsel (Dkt. 39) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that a paper copy of this Memorandum and Order will be

---

[24] *See Abu-Fakher v. Bode*, 175 F. App'x 179, 185 (10th Cir. 2006).

mailed to Petitioner at the address provided in his motion. An electronic notice of filing (NEF) will be emailed to the Lansing Correctional Facility's court file email address.

IT IS SO ORDERED.

Dated July 29, 2026, at Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge